# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| DRF LOGISTICS, LLC, *et al.*, | § § | Case No. 24-90447 (CML) |
| Debtors.[1] | § § | (Jointly Administered) |
| | § § | |
| DRF, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. Pro. No. 24-03205 (CML) |
| TRILOGY LEASING CO., LLC, | § § | |
| Defendant. | § § | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING INTERVENTION IN ADVERSARY PROCEEDING**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Official Committee of Unsecured Creditors (the "Committee") in the bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors"), by and through its undersigned counsel, hereby files this motion to intervene (the "Motion") in the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 24 of the Federal Rules of Civil

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

Procedure (the "Federal Rules"), made applicable hereto by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"), and in support thereof, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. DRF, LLC ("Plaintiff") commenced this Adversary Proceeding against Trilogy Leasing Co., LLC ("Trilogy") seeking, among other things, a declaration recharacterizing the MLA and the Equipment Supplements as financing transactions rather than true leases. The Complaint states that, upon recharacterization, the amount the Plaintiff will owe Trilogy under the Fixture Agreements as of the Petition Date will be $64,420,000, which shall be classified as a general unsecured claim. Such claim will materially increase the general unsecured claims pool.

2. On May 4, 2020, Trilogy and Pitney Bowes, Inc. ("PBI") entered into Amendment Number 2 to the MLA, which states that PBI "shall be jointly and severally liable" with any of its subsidiaries or affiliates that may enter directly into an Equipment Supplement "for the obligations under such Equipment Supplement and the [MLA] as it relates to such Equipment Supplement and the Equipment described therein," and shall be considered an additional "Lessee" for the purposes of said Equipment Supplement.

3. The Committee, as an estate fiduciary, is tasked with ensuring that only valid claims against the Debtors are asserted and recoveries for unsecured creditors are not diluted by claims for which third parties (PBI) are responsible. A ruling on the issues in this Adversary Proceeding, including the validity and extent of (i) Trilogy's claims against the estates and (ii) the estates' claims against Trilogy, will lead to factual and legal findings that will have precedential effects on unsecured creditors in these Chapter 11 Cases. Accordingly, without intervention in the Adversary Proceeding, the Committee will be absent from a proceeding that will result in highly relevant findings of fact and law that directly impact the Committee's constituency.

2

4. Because of this, the Committee is a necessary party to the Adversary Proceeding. Accordingly, the Committee seeks leave pursuant to Bankruptcy Rule 7024 to formally intervene in the Adversary Proceeding to protect the interests of unsecured creditors.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the Debtors' Chapter 11 Cases and this Motion pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges (District Court General Order 2012-6)*, dated May 24, 2012 (the "Standing Order"). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief sought herein are sections 105(a) and 1109(b) of the Bankruptcy Code and Federal Rules 19 and 24, as made applicable to this Adversary Proceeding by Bankruptcy Rules 7019 and 7024.

## BACKGROUND

**A. General Background and the Chapter 11 Cases**

7. On August 8, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court") commencing these Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

8. On August 26, 2024, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 155.

9. As set forth in greater detail in the Committee's October 11, 2024 letter to the Court [Docket No. 351], upon its formation and selection of processionals, the Committee immediately began investigating the extent by which certain purported creditors of the Debtors are not creditors of the Debtors because they have contracts with Pitney Bowes, and are, therefore, more appropriately creditors of Pitney Bowes (the "Contractual Privity Analysis").

3

### B. The Adversary Proceeding

10. On November 2, 1999, Trilogy Leasing Co., LLC ("Trilogy") and PBI executed a *Master Equipment Lease Agreement* (as amended, the "MLA").

11. Certain Equipment Supplements (the "Equipment Supplements") were separately executed by Trilogy and Newgistics, Inc. or Pitney Bowes Global Logistics LLC in connection with the MLA.[2]

12. On May 4, 2020, Trilogy and PBI entered into Amendment Number 2 to the MLA, which states that PBI "shall be jointly and severally liable" with any of its subsidiaries or affiliates that may enter directly into an Equipment Supplement "for the obligations under such Equipment Supplement and the [MLA] as it relates to such Equipment Supplement and the Equipment described therein," and shall be considered an additional "Lessee" for the purposes of said Equipment Supplement. *See Pitney Bowes Inc.'s Motion to Intervene*, Ex. A [Adv. Pro. Docket No. 4].

13. On October 1, 2024, Plaintiff commenced this Adversary Proceeding against Trilogy seeking, among other things, a declaration recharacterizing the MLA and the Equipment Supplements as financing transactions rather than true leases. *See* Adv. Pro. Docket No. 1 (the "Complaint").

14. The Debtors, through a separate motion (the "Rejection Motion"), have requested to reject the Equipment Supplements. *See* Docket No. 309. Trilogy filed an objection to the Rejection Motion, stating, among other things, that "PBI remains directly liable for all Equipment Supplements . . . ." *See* Docket No. 377. The Committee also filed a limited objection to the Rejection Motion. *See* Docket No. 381.

15. On October 8, 2024, PBI filed a motion seeking to intervene in the Adversary Proceeding. *See* Adv. Pro. Docket No. 4. PBI asserts that it has no liability under the Equipment Leases. *See Pitney Bowes Inc.'s Motion to Intervene* [Adv. Pro. Docket No. 4] ¶ 3.

---

[2] The Committee understands that Newgistics, Inc. and Pitney Bowes Global Logistics, LLC are predecessor entities of debtor DRF, LLC.

**RELIEF REQUESTED**

16. The Committee seeks entry of an order authorizing it to intervene in this Adversary Proceeding.

**BASIS FOR RELIEF REQUESTED**

17. Under the Bankruptcy Code, a "party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The Fifth Circuit has held, however, that the right to "appear and be heard" does not comprise an absolute statutory right to intervene in adversary proceedings under Federal Rule 24(a)(1). *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286-87 (5th Cir. 1985) (intervention under Federal Rule 24(a)(1) limited to those parties whom "a statute of the United States confers an unconditional right" to do so, but 11 U.S.C. § 1109(b) does not grant that right in the context of an adversary proceeding). However, the Fifth Circuit has stated that its interpretation "in no way restricts the broad, legitimate right to appear and be heard" that section 1109 of the Bankruptcy Code grants to parties in interest in bankruptcy matters. *Id*. at 1287; *accord Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1363 (5th Cir. 1986) ("In *Fuel Oil*, we further held that the intervention rights under section 1109(b) are quite broad in keeping with the policies of the Bankruptcy Code . . . ."). Parties in interest, then, "may still intervene as of right under Rule 24(a)(2)." *Fuel Oil*, 762 F.2d at 1287. Furthermore, "permissive intervention under Rule 24(b) is likewise a possibility." *Id*. The Committee satisfies the requirements for both mandatory intervention and permissive intervention.

18. The Committee is entitled to intervene as of right because (i) this Motion is timely; (ii) the Committee has an interest in the property, causes of action, and the transactions that are the subject of the Adversary Proceeding; (iii) unsecured creditor recoveries will be affected should the Court make findings of fact and conclusions of law relating to the Debtors' and PBI's liability under the

5

MLA and Equipment Supplements; and (iv) the interests of the Debtors are not wholly aligned with—and, in some instances, may be directly adverse to—the interests of the Committee's constituency, there may be instances where those interests diverge, and the Debtors therefore cannot adequately represent the Committee's interests in the Adversary Proceeding.

19. The Committee likewise satisfies the permissive intervention standards under Federal Rule 24(b) inasmuch as (i) the Committee shares common legal positions and underlying facts with the parties to the Adversary Proceeding and (ii) no party will face any prejudice or undue delay as a result of the Committee's intervention.

20. For purposes of the notice and pleading requirement of Federal Rule 24(c), the Committee seeks to intervene in all claims and causes of action asserted in the Complaint.

21. Because the Committee is a necessary party and meets the conditions for both mandatory and permissive intervention, the Court should grant this Motion.

## I. The Committee Is Entitled To Intervene Under Federal Rule 24(a)(2).

22. Federal Rule 24(a)(1) permits intervention as of right when an applicant "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24.

23. Under Federal Rule 24(a)(2), a party in interest is entitled to intervene as of right upon satisfying the following requirements:

> (i) the intervention is timely, (ii) the movant has an interest in the property that is the subject of the action, (iii) resolution of the action would impair the movant's ability to protect their interest, and (iv) the movant's interest is inadequately represented by existing parties.

*In re Prescott*, 17-10199, 2019 WL 1889491, at *3 (Bankr. S.D. Tex. Apr. 26, 2019); *see also Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (*per curiam*). The Committee satisfies each of them.

24. <u>First</u>, the Motion is timely. The Fifth Circuit has identified four factors for courts to consider when determining the timeliness of a motion to intervene: (i) the length of time the intervenor knew or should have known of his interest in the case; (ii) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (iii) prejudice to the intervenor if his application for intervention is denied; and (iv) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003) (citing *Stallworth v. Monsanto Co.,* 558 F.2d 257, 264-66 (5th Cir. 1977)). "These factors are 'not a formula for determining timeliness'; instead, it should be determined based on all the circumstances." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003) (quoting *Doe #1 v. Glickman,* 256 F.3d 371, 376 (5th Cir. 2001)).

25. The Committee is seeking to intervene at a time when the Adversary Proceeding is in its infancy. No scheduling conference has been set. Discovery has not commenced. And Trilogy has yet to even answer or otherwise respond to the Complaint. Accordingly, no party can legitimately assert prejudice based on the Committee having filed its Motion within a month of the commencement of the Adversary Proceeding. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977) (finding motion to intervene timely where applicants filed their petition less than one month after learning of their interest in the case).

26. <u>Second</u>, the Committee has a significant protectable interest in the subject matter of the Adversary Proceeding, given that any findings of fact made in the Adversary Proceeding and the eventual outcome of the Adversary Proceeding directly and meaningfully affect (i) the magnitude of the general unsecured claims pool and (ii) potential estate claims and causes of action, and, therefore, recoveries for unsecured creditors. Indeed, as discussed herein and in the Complaint, the disposition

of this Adversary Proceeding may subject the estates to an unsecured claim in excess of $64 million. Such a claim would meaningfully "move the needle" for unsecured creditor recoveries.

27. Third, without intervention, the Adversary Proceeding poses a significant risk of impairing or impeding the Committee's interests in these Chapter 11 Cases. The Committee has made its interest clear through its Contractual Privity Analysis, an analysis which, along with the magnitude of the general unsecured claims pool, may be directly affected by any findings of fact or law in this Adversary Proceeding. Should the Court make factual or legal findings that bear directly upon the Committee's interests—without the Committee's involvement or input—the Committee's interests will be greatly impaired. *See, e.g.*, *Espy*, 18 F.3d at 1207 (finding that the proposed intervenor's interests could be impaired by the precedential effect of an adverse resolution of the underlying action); *Laredo Energy Holdings, LLC v. E&D Servs.*, No. 5:07-CV-67, 2007 U.S. Dist. LEXIS 83069, at *6-7 (S.D. Tex. Nov. 6, 2007). Furthermore, if the Committee is not permitted to intervene in this action, it may not have any input into settlement negotiations by and among the parties.

28. Fourth, only the Committee can adequately protect the interests of unsecured creditors in this Adversary Proceeding because the Debtors and the Committee have distinct interests.

29. The burden of establishing inadequate representation is "minimal" and "is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). Further, where the "ultimate objective" of the would-be intervenor differs from the parties in the underlying proceeding, the would-be intervenor's interests are not adequately protected.

30. Here, the Debtors' focus is preserving the interests of their estates and, to an extent, insulating and minimizing the Debtors' liability consistent with the terms of the proposed chapter 11 plan and settlement embodied therein (including a settlement with PBI). *See Debtors' Amended Joint*

8

*Plan of Liquidation*, Docket No. 277. In comparison, the Committee's interests are focused on maximizing value for the unsecured creditors and minimizing the magnitude of the general unsecured claims pool, especially if a particular claimant is not appropriately a creditor of the Debtors' estates. Put simply, the Committee believes that PBI (not the Debtors) are wholly liable for claims related to the MLA and the Equipment Schedules, while the Debtors believe that, upon recharacterization of the MLA and the Equipment Schedules, Trilogy should have a $64.42 million unsecured claim against the Debtors (not PBI).

**II.     Alternatively, Permissive Intervention Under Federal Rule 24(b)(1) Is Warranted.**

31.     If the Court determines that the Committee is not entitled to intervene as of right, it should nonetheless permit the Committee to intervene under Federal Rule 24(b).

32.     Under Federal Rule 24(b), if a proposed intervenor timely files a motion and "there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention." *In re Charter Co.*, 50 B.R. 57, 63 (Bankr. W.D. Tex. 1985). In exercising its discretion under Federal Rule 24(b), the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *see also, e.g.*, *Charter*, 50 B.R. at 63. "[T]he Court may consider 'whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit.'" *In re Smith*, 521 B.R. 767, 778 (Bankr. S.D. Tex. 2014) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984)). The Court may also consider the nature of the intervenor's interest. *Id.*

33.     Bankruptcy courts regularly permit unsecured creditors' committees to intervene in adversary proceedings "on behalf of any creditors who may feel that the debtor-in-possession would not adequately represent their interests." *Matter of D'Lites of Am., Inc.*, 100 B.R. 612, 614 (Bankr. N.D. Ga. 1989). This Court should do so here as well.

34. <u>First</u>, as previously explained, the Committee has filed a timely motion.

35. <u>Second</u>, the Committee shares common questions of law and fact with the parties to the Adversary Proceeding. The Committee, as a fiduciary to the Debtors' unsecured creditors, has a significant interest in the questions of law and fact that will govern the outcome of the Adversary Proceeding. *See* 11 U.S.C. § 1103(c) (committee may "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan"); *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F. 3d 452, 466 (2d Cir. 2007) ("The Committee has a fiduciary duty to maximize their recovery of the Estate's assets.") (citing *Shaw & Levine v. Gulf & Western Indus., Inc. (In re Bohack Corp.)*, 607 F.2d 258, 262 n. 4 (2d Cir. 1979)) (additional citation omitted); Collier on Bankruptcy ¶ 1103.05[1][a] (16th ed. 2020) (explaining that the "primary purpose of a committee . . . is to maximize the return to the constituency represented by the committee and all actions undertaken by the committee should be with that goal in mind").

36. The Committee's interests include, among other things, (i) whether and to what extent parties are appropriately creditors of the Debtors' estates; (ii) ensuring that only valid claims are asserted against the Debtors; and (iii) whether estate claims and causes of action are appropriately asserted (and compromised). Further, the Committee's involvement, especially in light of its ongoing Contractual Privity Analysis, will be highly relevant to the underlying factual issues in the Adversary Proceeding.

37. <u>Third</u>, intervention will not unduly delay or prejudice the adjudication of any party's rights.[3] As previously explained, the Adversary Proceeding remains in its very early stages. Thus,

---

[3] Should the Court permit intervention, the Committee will coordinate with the Debtors to avoid duplication of effort where the Committee and Debtors' interests are aligned. *See Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir 1994) (explaining that "[f]ederal courts should allow intervention 'where no one would be hurt and greater justice could be attained'") (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

allowing the Committee to intervene at this stage will not cause any delay at all, much less undue delay. *See, e.g.*, *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. H-05-3167, 2016 U.S. Dist. LEXIS 62404, at *16 (S.D. Tex. Aug. 16, 2006) (finding that where a case "is at an early stage . . . intervention will neither delay the proceedings nor prejudice the existing parties"). Further, the Committee's involvement will not raise any new claims in the Adversary Proceeding. Accordingly, intervention by the Committee will not enlarge the scope of litigation or discovery in the Adversary Proceeding, nor will it unduly prejudice the adjudication of the rights of any party.

38. Numerous other considerations strongly favor allowing the Committee to intervene permissively, including that: (i) the Committee's interests are not adequately represented by the Debtors; (ii) resolution of the issues in this Adversary Proceeding will directly impact recoveries to general unsecured creditors; and (iii) the Committee's participation will promote efficient resolution of the Adversary Proceeding.

## NOTICE

39. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) counsel to the Debtors; (iii) counsel to Trilogy; (iv) counsel to Pitney Bowes, Inc.; and (v) any party that has requested service in this Adversary Proceeding. Based on the nature of the relief requested, the Committee respectfully submits that no further notice of the Motion is necessary or required under the circumstances.

## NO PRIOR REQUEST

40. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion; (ii) allowing the Committee to intervene in the Adversary Proceeding as of right under Federal Rule 24(a), or, in the

11

alternative, granting permissive intervention under Federal Rule 24(b); and (iii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 31, 2024<br>Dallas, Texas | **McDERMOTT WILL & EMERY LLP**<br><br>*/s/ Charles R. Gibbs*<br>Charles R. Gibbs (TX Bar No. 7846300)<br>Marcus A. Helt (TX Bar No. 24052187)<br>2501 North Harwood Street, Suite 1900<br>Dallas, TX 75201-1664<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>E-mail: crgibbs@mwe.com<br>         mhelt@mwe.com<br><br>*- and -*<br><br>Darren Azman (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>E-mail: dazman@mwe.com<br><br>*-and-*<br><br>**LOWENSTEIN SANDLER LLP**<br>Jeffrey L. Cohen (admitted *pro hac vice*)<br>David M. Posner (admitted *pro hac vice*)<br>Gianfranco Finizio (admitted *pro hac vice*)<br>Kelly E. Moynihan (admitted *pro hac vice*)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 262-6700<br>Facsimile:<br>E-mail: jcohen@lowenstein.com<br>         dposner@lowenstein.com<br>         gfinizio@lowenstein.com<br>         kmoynihan@lowenstein.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

**CERTIFICATE OF SERVICE**

I certify that on October 31, 2024, I caused a true and correct copy of the foregoing document, together with the accompanying exhibit thereto, to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

<i>/s/ Charles R. Gibbs</i><br>
Charles R. Gibbs