IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
----------------------------------------------------------- x
In re                                      :    Chapter 11
                                           :
DRF LOGISTICS, LLC, et al.,                :    Case No. 24-90447 (CML)
                                           :
         Debtors.¹                         :    (Jointly Administered)
----------------------------------------------------------- x
                                           :
DRF, LLC                                   :    Adversary No. 24-03205
                                           :
         Plaintiff,                        :
V.                                         :
                                           :
TRILOGY LEASING CO., LLC                   :
                                           :
         Defendant.                        :
----------------------------------------------------------- x
```

**EMERGENCY MOTION REQUESTING ENTRY OF SCHEDULING ORDER**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 4:00 P.M. (CENTRAL TIME) ON NOVEMBER 7, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, OR BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ BY NO LATER THAN 4:00 P.M. (CENTRAL TIME) ON NOVEMBER 7, 2024. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK BY NO LATER THAN 4:00 P.M. (CENTRAL TIME) ON NOVEMBER 7, 2024. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 3001 Summer Street Stamford, CT 06926.

DRF, LLC (the "**Plaintiff**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases, respectfully represents as follows in support of this emergency motion (the "**Motion**"):

## Preliminary Statement

1. The Plaintiff has tried to reach a consensual agreement with Trilogy Leasing Co., LLC (the "**Defendant**" and, together with the Plaintiff, the "**Parties**") as to a schedule for discovery and briefing in the Adversary Complaint (as defined below). However, due to an inability to reach an agreement, the Plaintiff hereby files this Motion seeking to have the Court enter an order approving the Plaintiff's proposed schedule. The proposed schedule is necessary to ensure the Adversary Proceeding is resolved in a timely and efficient manner.

## Background

2. On August 8, 2024, the Plaintiff and DRF Logistics, LLC (together, the "**Debtors**") each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. On August 26, 2024, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 155).

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Eric Kaup in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 14).

5. On October 1, 2024, the Plaintiff filed the *Complaint for (I) Recharacterization of Certain Fixture Agreements as Financing Agreements, (II) Determination of Amounts Owed Thereunder, and (III) Clawback of Certain Unauthorized or Preferential Payments* (Docket No. 1) (the "**Complaint**") in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

6. On October 8, 2024, Pitney Bowes Inc. (the "**Proposed-Intervenor**") filed *Pitney Bowes Inc.'s Motion to Intervene* (Docket No. 4) (the "**Motion to Intervene**").

7. On October 9, 2024, the Court issued a *Summons* with respect to the Complaint (Docket No. 6).

8. On October 25, 2024, the Defendant filed a motion (Docket No. 9) seeking a two-week extension of the Defendant's deadline to respond to the Complaint and the Motion to Intervene. The Plaintiff and the Proposed-Intervenor did not consent to such motion, given the Plaintiff's position that the Adversary Proceeding can and should be resolved promptly. On October 29, 2024, the Court entered an Order (Docket No. 10) (the "**Response Deadline Extension Order**") partially grating the requested relief and extending the Defendant's deadline to respond to (i) November 8, 2024, with respect to the Motion to Intervene and (ii) November 18, 2024, with respect to the Complaint.

**<u>Relief Requested</u>**

9. By this Motion, the Plaintiff requests that the Court approve the Schedule (as defined below) for resolution of this Adversary Proceeding.

3

10. A proposed form of order granting the relief requests herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Plaintiff's Scheduling Proposal

11. The Plaintiff submits the following proposed schedule to progress and ultimately resolve the Adversary Proceeding (the "**Schedule**"):

| Event | Deadline |
| --- | --- |
| Trilogy Deadline to Respond to Motion to Intervene | November 8, 2024 |
| Parties to serve limited written or document discovery | November 15, 2024 |
| Trilogy Deadline to Respond to the Complaint | November 18, 2024 |
| Parties identify names and background of affirmative expert witnesses (if any) and high level topics | December 2, 2024 |
| Substantial completion of document production and responses to written discovery | December 6, 2024 |
| Affirmative Expert Disclosures | December 13, 2024 |
| Fact Depositions (if any) Completed | December 20, 2024 |
| Rebuttal Expert Disclosures (if any) | January 3, 2025 |
| Exchange Proposed Witness and Exhibit Lists | January 3, 2025 |
| Exchange Deposition Designations (if any) | January 3, 2025 |
| Expert Depositions (if any) Completed | January 10, 2025 |
| Exchange Objections to Proposed Witness and Exhibit Lists and Counter-Designations (if any) | January 10, 2025 |
| File Pre-Trial Briefs | January 13, 2025 |
| Hearing | January 16–17, 2025 |

## Relief Requested Should be Granted

12. As the Court is aware, the Plaintiff's chapter 11 case proposes a plan of liquidation and seeks to wind down its business and pay its creditors promptly from an agreed-

4

upon settlement fund to be provided by the Plaintiff's parent company, Pitney Bowes Inc., in accordance with the terms set forth in the *Debtors' Amended Joint Plan of Liquidation* (Docket No. 277) (the "**Plan**").

13. To allow the Plaintiff to continue with the Plan confirmation process, it is imperative the Adversary Proceeding is resolved in a timely manner so that distributions under the Plan (should it be confirmed by the Court) are not reserved or unnecessarily delayed pending the resolution of the Adversary Proceeding.

14. Given the circumstances surrounding these chapter 11 cases in which the Plaintiff's resources are extremely limited, any additional expense and delay will have a negative impact on all parties in interest. Moreover, the Plaintiff believes that the Adversary Proceeding will demonstrate that the assets at issues are property of the Plaintiff's estate, not property of the Defendant, which will confirm the Plaintiff has the flexibility it needs to deal with and dispose of the assets and the properties in which they are installed without interference from the Defendant. Finally, the matters raised in the Adversary Proceeding present limited factual issues and there is no reason limited discovery cannot be completed and the case presented to the Court in an efficient manner.

15. The Plaintiff provided the Defendant with a proposed schedule for the Adversary Proceeding by e-mail on October 25, 2024. Although the Plaintiff believes the original schedule for this Adversary Proceeding proposed to the Defendant is reasonable under the circumstances, the Defendant's counsel rejected the original proposed schedule and stated the Defendant was unlikely to engage in any future collaborative conversation on a consensual scheduling order.

16. In light of the Defendant's disagreement with the originally proposed schedule and the Court's entry of the Response Deadline Extension Order, the Plaintiff's counsel has put together a less expedited proposed schedule, which should allow the Parties, with the assistance of the Court, to resolve the scheduling dispute promptly and then move forward expeditiously with a Court-ordered schedule. The Plaintiff believes the schedule will provide the Parties with ample time to conduct discovery with respect to the Complaint and enable resolution of this Adversary Proceeding in a timely manner, consistent with the needs of the Debtors, while serving the interests of the participants in the chapter 11 cases and judicial economy.

17. The Plaintiff further attempted to contact the Defendant on October 30, 2024, by e-mail, regarding the revised proposed schedule. The Defendant rejected the revised proposed schedule and stated the Defendant would not engage in any further discussion related to scheduling. The Plaintiff is now forced to seek approval of the proposed schedule from the Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 3, 2024
       Houston, Texas

                                                    /s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email:   Gabriel.Morgan@weil.com
             Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
Pravin Patel (admitted *pro hac vice*)
Alexander P. Cohen (24109739)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Ray.Schrock@weil.com
             Ronit.Berkovich@weil.com
             Lauren.Tauro@weil.com
             Pravin.Patel@weil.com
             Alexander.Cohen@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on November 3, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                    */s/ Clifford W. Carlson*
                                                                    Clifford W. Carlson

**<u>Exhibit A</u>**

**Proposed Order**